BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
ADAM M. JOHNSON, IDAHO STATE BAR NO. 11805
ASSISTANT UNITED STATES ATORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>   vs.<br><br>JESSE EUGENE BURNETT,<br><br>          Defendant. | Case No. 3:24-cr-00169-DCN<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

The Defendant comes before the Court having pleaded guilty to the charge of Attempted Sexual Exploitation of a Child.  The Government recommends a 300-month prison sentence, to run concurrently to the sentences imposed in CR29-22-0782 and CR29-22-1468, followed by a lifetime of supervised release.

**ARGUMENT**

The parties have stipulated to jointly recommend 300 months in prison.  This is the statutory minimum sentence the Court can impose.  Accordingly, as to prison, the Government will limit arguments in this memorandum to why the Court should not exceed 300 months.  The Government will also address why the Court should impose a lifetime of supervision.

**UNITED STATES' SENTENCING MEMORANDUM - 1**

### I.     300 Months Imprisonment

There are three primary reasons why this Court should follow the parties' recommendation for 300 months imprisonment.  *First*, 300 months is squarely within the guideline range for this offense.  Although the guidelines are advisory, they should be accorded respect, and the guidelines range in this case has accounted for the Defendant's criminal history as well as the seriousness of this offense.  *Second*, the Defendant was candid and cooperative with law enforcement when interviewed, suggesting an acknowledgment of wrongdoing and willingness to address that wrongdoing with the authorities.  *Third*, because the Defendant has accepted responsibility, a vulnerable child will not be required to testify or be subject to cross examination in trial.  Based on these considerations, the Government respectfully asks this Court to follow the parties' negotiated joint recommendation and not exceed it.

### II.     Lifetime Supervision

Given the Defendant's age, he will be around 65 when he is released from prison if the Court follows the parties' recommendation.  Thus, the difference between 15 years of supervision (as recommended by U.S. Probation) and lifetime supervision (as recommended by the Government) may be academic.  Nonetheless, given the danger that the Defendant poses based on his criminal history and the fact that he committed this offense shortly after being placed on supervision for two sex offenses, the Government submits that this is a case for lifetime supervision, regardless of how long that life turns out to be.

### CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 300 months, followed by a lifetime of supervised release, for the Defendant's commission of the crime of Attempted Sexual Exploitation of a Child.  The Government submits that this sentence is sufficient, but not greater

**UNITED STATES' SENTENCING MEMORANDUM - 2**

than necessary, to accomplish the goals of sentencing, and that a greater sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 20th day of January, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*s/ Adam M. Johnson*
ADAM M. JOHNSON
Assistant United States Attorney

**UNITED STATES' SENTENCING MEMORANDUM - 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2026, the foregoing **UNITED STATES' SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following parties:

| | |
|---|---|
| Steve Roberts<br>Steve_Roberts@fd.org | ECF Filing |

*s/ Carin Crimp*
Legal Assistant

**UNITED STATES' SENTENCING MEMORANDUM - 4**